

FILED
 2013 Jul-08  PM 03:10
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **FRANKIE STEWART, III,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-12-S-2307-NE** |
| ) | |
| **PATRICK R. DONAHUE,** ) | |
| **POSTMASTER GENERAL,** ) | |
| **UNITED STATES POSTAL** ) | |
| **SERVICE AGENCY** ) | |
| **(SOUTHEAST AREA),** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frankie Stewart, III, initiated this case *pro se* on June 28, 2012, by filing an application under § 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f).[1]  His requests for appointment of an attorney and for leave to proceed without prepayment of fees, costs, or security were denied, and he filed an amended complaint, still *pro se*, on July 17, 2012.[2]  The amended complaint asserts claims against plaintiff's former employer, Patrick Donahue, the Postmaster General of the United States Postal Service, for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and

---

[1] Doc. no. 1.

[2] Doc. no. 4.

disability discrimination pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. (the "Rehabilitation Act" or "the Act").[3] After defendant answered plaintiff's complaint,[4] attorney Michael F. Robertson entered an appearance on plaintiff's behalf.[5] Mr. Robertson has continued to represent plaintiff through the remainder of these proceedings.

The case presently is before the court on defendant's motion for summary judgment on all of plaintiff's claims.[6] Upon consideration of the motion, the parties' briefs, and the evidentiary submissions, the court concludes the motion is due to be

---

[3] *See* doc. no. 4. Plaintiff did not explicitly state that he was bringing his claims under the Rehabilitation Act, but as he is suing a federal defendant, the Rehabilitation Act, not the Americans with Disabilities Act, is the proper statute. *See, e.g., Mullins v. Crowell,* 228 F.3d 1305, 1313 (11th Cir. 2000).

The Amended Complaint also mentions the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). *See* doc. no. 4, Attachment 1, at 1 ("All the days missed from work were due to my illnesses and were covered under FMLA."). Even so, the rest of the complaint focuses on plaintiff's race and disability claims. *See id.* ("I am being discriminated against for my disability being diabetic and for being a black male working under all white supervisors. . . . All of this has to do with discrimination against my race and disability, in which the post Office was fully aware that I was sick."). Furthermore, defendant's summary judgment motion characterizes plaintiff's Amended Complaint as asserting claims for race and disability discrimination, and plaintiff did not refute that characterization in his response brief, which was filed by the attorney plaintiff subsequently retained to represent him. *See* doc. no. 19 (brief in support of motion for summary judgment), at 2 ("Although neither his complaint nor his amended complaint are particularly succinct, in essence [plaintiff] alleges causes of action for race discrimination under Title VII, at 42 U.S.C. § 2000e-16, and for disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*") (alteration supplied); doc. no. 21 (plaintiff's brief in response to defendant's motion for summary judgment).

[4] *See* doc. no. 9 (Answer).

[5] Doc. no. 11.

[6] Doc. no. 18.

2

granted.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983) (alteration supplied). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the

> materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis supplied). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

## II. SUMMARY OF RELEVANT FACTS

Defendant's motion for summary judgment is based upon plaintiff's alleged failure to exhaust his administrative remedies and to timely pursue relief at both the administrative and district court levels. Thus, all of the facts relevant to defendant's motion relate to plaintiff's pursuit of relief, not to the merits of plaintiff's claims.

The United States Postal Service sent plaintiff a Notice of Proposed Removal on September 19, 2008.[7] The Notice served as "advance written notice that it is proposed to remove you from the US Postal Service no sooner than 30 calendar days from your receipt of this notice."[8] The reason for the Notice was "Improper Conduct": specifically, that plaintiff had been observed engaging in physical activity that exceeded the medical restrictions for which he had been placed on medical

---

[7] Defendant's Exhibit 1 (September 19, 2008 Notice of Proposed Removal).
[8] *Id.* at 1.

4

leave.[9]  The Notice also stated:

> You and/or your representative may answer this notice within ten (10) calendar days from your receipt of this letter, either in person or in writing or both, before Doug Miller, Plant Manager, Huntsville P&DF between the hours of 9:00 am to 4:00 pm Monday thorough Friday. You and/or your representative may also furnish affidavits or other written material to Mr. Miller within ten (10) calendar days from your receipt of this letter. You will be afforded a reasonable amount of official time for the above purpose if you are otherwise in a duty status. After the expiration of the time limit for reply, all of the facts in your case, including any reply you and/or your representative submit, will be given full consideration before a decision is rendered. You will receive a written decision from Mr. Miller.
>
> You have the right to file a grievance under the grievance/arbitration procedure set forth in Article 15 of the National Agreement within 14 calendar days of your receipt of this notice.[10]

Defendant sent plaintiff a "Letter of Decision – Notice of Removal" on October 9, 2008.[11] The letter noted that plaintiff and a representative had met with Doug Miller, the Plant Manager, on September 26, 2008, to discuss the matter in accordance with the September 19th Notice discussed in the previous paragraph. Even after reviewing all the information submitted by plaintiff, Miller decided that plaintiff's actions warranted the termination of his employment, and the termination was made effective as of October 13, 2008.[12] The letter also informed plaintiff that

---

[9] *Id.* at 1-2.

[10] *Id.* at 2.

[11] Defendant's Exhibit 2 (October 9, 2008 Letter of Decision).

[12] *Id.* at 1-2.

he had the right to appeal the decision to the Merit Systems Protection Board ("MSPB") within thirty (30) days.[13] It further stated:

> If you believe this action is based on discrimination, in whole or in part, you have the option of either filing an appeal with the MSPB that includes your claim of discrimination or filing a separate formal EEO complaint with the Postal Service. You are, however, prohibited from proceeding in both forums concurrently. If you do attempt to concurrently file in both forums, where you first filed will be considered an election to proceed first in that forum.
>
> . . . .
>
> If you first file a formal EEO complaint with the Postal Service, you will have no further right to *concurrently* file a claim of discrimination to the MSPB. Your EEO complaint will be subject to EEO regulations set forth at 29 C.F.R. Section 1614.107 and will be processed pursuant to the applicable regulations set forth at 29 C.F.R. 1614.302-310.[14]

It is undisputed that a poster was displayed in the facility where plaintiff worked, informing employees of their equal employment opportunity rights.[15] The poster stated:

> If you are a Postal Service employee or an applicant for Postal Service employment, and you feel that you have been discriminated against because of race, color, religion, national origin, sex, age (40+), physical or mental disability, or in retaliation for engaging in an EEO-protected activity, you must consult an EEO counselor before filing a

---

[13] *Id.* at 2.

[14] *Id.* at 3 (emphasis in original).

[15] *See* Defendant's Exhibit 4 (Affidavit of Laura Grummel), at 1; *see also* doc. no. 21 (failing to dispute Defendant's Proposed Fact No. 5).

complaint of discrimination.

> You must bring individual and class action complaints to the attention of the EEO office by requesting counseling within *45 calendar days* of the date of the alleged discriminatory act; within *45 calendar days* of the date you knew or reasonably should have known about the discrimination; or **if a personnel action is involved, within *45 calendar days* of its effective date**. If you bring an individual complaint and later believe that your case has class-action implications, you may move for class certification at any reasonable point during the processing of your original complaint.[16]

The poster also listed two toll-free telephone numbers an employee could call to request EEO counseling.[17]

There is no indication that plaintiff ever filed an appeal with the Merit Systems Protection Board. Instead, plaintiff contacted an EEO counselor on August 21, 2009.[18] The EEO Dispute Resolution Specialist's Inquiry Report indicates that plaintiff complained of discrimination on the basis of race and sex. There was no indication that plaintiff complained of discrimination based on his disability.[19] The Dispute Resolution Specialist interviewed plaintiff on September 1, 2009, and also interviewed Roger Hyde, who took over Doug Miller's position as Plant Manager, on

---

[16] Grummel Affidavit, at Exhibit 1 (italicized emphasis in original, boldface emphasis supplied).

[17] *Id.*

[18] *See* doc. no. 21, at 2 (Response to Defendant's Proposed Fact No. 3) ("The Plaintiff does not dispute that he contacted an EEO counselor on August 21, 2009.").

[19] *See* Defendant's Exhibit 3 (EEO Dispute Resolution Specialist's Inquiry Report), at 1.

September 28 and November 3, 2009. The Specialist provided the following summary of those interviews:

> On November 12, 2009, the Counselee was informed that no resolution could be reached relating to his allegation of discrimination. The Counselee was advised of his rights to file a formal complaint of discrimination. Subsequently, the Counselee received PS Form 2565, EEO Complaint of Discrimination in the Postal Service and PS Form 2579-A, Notice of Right to file Individual Complaint via Signature Confirmation 2305 0270 0001 5097 4018.[20]

Defendant sent plaintiff a letter on November 10, 2009, formally informing plaintiff that his complaints of *race and sex discrimination* could not be resolved. The letter stated:

> Since the matters that you raised at the counseling stage have not been resolved, you have the right to file a formal complaint within fifteen (15) calendar days after receipt of this notice. The complaint must be in writing, signed by you and mailed or delivered to [a specified address].[21]

Plaintiff received the letter on November 12, 2009.[22]

Plaintiff submitted a formal complaint of discrimination to the United States Postal Service EEO office. He dated the complaint November 10, 2009,[23] *but he did*

---

[20] *Id.* at 3.

[21] Defendant's Exhibit 5 (November 10, 2009 letter), at 1 (alteration supplied).

[22] *See id.* at 4-5 (Return on Service); *see also* doc. no. 21 (failing to dispute Defendant's Proposed Fact No. 7).

[23] Defendant's Exhibit 6.

8

*not mail it until December 1, 2009.*[24] Plaintiff checked the boxes indicating that he was complaining of discrimination based on race *and disability*, specifically, an on-the-job injury.[25] He also stated that the date on which the alleged discrimination took place was June 15, 2008.[26] The narrative statement attached to plaintiff's complaint stated:

> I am an African American male who was given improper paperwork (CA-1) deliberately to fill out. By all white supervisors named previously above. [sic] After I filled out the CA-1 which should have been a CA-2. They proceeded to collect statements to back-up their claim for a CA-1. [sic] All of which was pointed out to them as being the wrong paperwork by Workmans' Comp, that it should have been a CA-2 filled out for this incident. The day I went to the doctor they informed the OIG that I was totally disabled from work. Even though I presented all of the doctors [sic] paperwork that refutes all allegations that they gave OIG. The Post Office terminated me even after receiving an approval appeal from the Office of Workman's' [sic] Comp showing how their gross negligence gave me a complete reversal of their decision. I believe they terminated me purposely based on the color of my skin.[27]

Defendant received the complaint on December 9, 2009.[28]

The EEO Office dismissed plaintiff's formal EEO complaint on December 21,

---

[24] *See* doc. no. 21, at 2 (Response to Defendant's Proposed Fact No. 8) (failing to dispute anything but the effective date of plaintiff's termination).

[25] Defendant's exhibit 6, at 1.

[26] *Id.*

[27] *Id.* at 2 (alterations supplied).

[28] *Id.* at 3.

2009.[29] The letter notifying plaintiff of the dismissal stated that the decision was made because plaintiff failed to file a formal complaint within fifteen days of receiving notice of his right to file the complaint by the EEO counselor,[30] and because plaintiff failed to initiate contact with an EEO counselor within forty-five days of the alleged discriminatory actions.[31] The letter also informed plaintiff of his right to appeal the decision to the United States Equal Employment Opportunity Commission ("EEOC") within thirty days of his receipt of notice of final agency action, or to file a civil action in a United States District Court within ninety days of receiving notice of final agency action.[32]

Plaintiff timely appealed the administrative decision to the EEOC Office of Federal Operations,[33] and the EEOC affirmed the dismissal of his administrative complaint by written decision dated April 5, 2011.[34] The EEOC's appeal decision informed plaintiff that he had the right to request reconsideration within thirty days

---

[29] *See* Defendant's Exhibit 7.

[30] *Id.* at 1-2.

[31] *Id.* at 3-4.

[32] *Id.* at 4-5.

[33] *See* Defendant's Exhibit 8 (April 5, 2011 decision of the EEOC), at 1 ("Complainant filed a timely appeal with this Commission from the Agency's decision dated December 21, 2009, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 792 et seq.").

[34] Defendant's Exhibit 8.

of receiving the decision, and the right to right to file a civil action in a United States District Court within ninety days of receiving the decision.[35]

During some of the same time period when the appeal from his termination decision was being processed, plaintiff also pursued a worker's compensation claim for an on-the-job injury he received in June of 2008. Plaintiff's claim initially was denied, and he filed an Appeal Request Form, requesting an appeal by oral hearing, on August 6, 2008.[36] Plaintiff subsequently received a letter from the United States Department of Labor Employment Standards Administration Office of Workers' Comp Programs.[37] The letter does not bear an official date, but it appears as though the date May 14, 2009 has been rubber-stamped onto the letter.[38] The letter stated that a hearing had been held on February 18, 2009, after which it was decided that the decision to deny plaintiff's worker's compensation benefits should be reversed. The letter referenced an attached hearing decision, but plaintiff did not make that decision a part of this court's record.[39]

Plaintiff also received a Notification of Personnel Action that had been

---

[35] *Id.* at 2-3.
[36] Plaintiff's Exhibit 1 (Appeal Request Form).
[37] Plaintiff's Exhibit 3.
[38] *Id.* at 1.
[39] *See id.*

processed by the United States Postal Service on May 19, 2009.[40] The document bore plaintiff's name and personal information, and in the top left-hand corner, it stated an "effective date" of May 13, 2009.[41] At the bottom left of the page, under the heading "Nature of Personnel Action," the description of the personnel action was "removal."[42] There also was an indication on the form that plaintiff's "last day in pay status" was October 20, 2008.[43]

### III. DISCUSSION

Defendant asserts that summary judgment is due to be granted on all of plaintiff's claims because plaintiff failed to fully exhaust his administrative remedies prior to filing suit. "A federal employee must pursue and exhaust [his] administrative remedies as a jurisdictional prerequisite to filing a Title VII action." *Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir. 1999) (citing *Brown v. General Services Administration,* 425 U.S. 820, 832-33 (1976)) (alteration supplied).

> Before an aggrieved [federal] employee may seek relief through the filing of a civil action in federal court, [Title VII] requires that he or she must first seek relief in the agency that has allegedly engaged in discrimination. *Brown v. GSA,* 425 U.S. at 832 . . . . This requirement is not a technicality; "[r]ather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and

---

[40] Plaintiff's Exhibit 4.
[41] *Id.* at 1.
[42] *Id.*
[43] *Id.*

12

> promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." *Kizas v. Webster,* 707 F.2d 524, 544 (D.C. Cir. 1983).

*Grier v. Secretary of the Army,* 799 F.2d 721, 724 (11th Cir. 1986) (alterations in original).[44] Similarly, "[a] plaintiff asserting a private right of action under the Rehabilitation Act must satisfy the exhaustion of administrative remedies requirement in the manner prescribed by Title VII." *Tarmas v. Secretary of Navy,* 433 F. App'x 754, 759 (11th Cir. 2011) (citing 42 U.S.C. §§ 2000e–5, 2000e–16; 29 U.S.C. § 794a; *Doe v. Garrett*, 903 F.2d 1455, 1459–60 (11th Cir.1990)) (alteration supplied).

Plaintiff's responsibilities with regard to pursuing a complaint of discrimination are set forth in the Code of Federal Regulations.[45]

> Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> > (1) An aggrieved person must initiate contact with a

---

[44] The Eleventh Circuit has also stated, in the context of claims asserted by non-federal employees, that "[t]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dept. of Human Resources,* 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir. 1983)) (first alteration supplied, second alteration in original).

[45] Plaintiff does not dispute this point. *See* doc. no. 21 (plaintiff's brief), at 5-6 ("The Plaintiff does not dispute that administrative remedies are to be exhausted as a prerequisite to filing a federal court action for discrimination. The Plaintiff also does not dispute that the requisite procedures for exhausting administrative remedies in the present case are found in the *Code of Federal Regulations*.") (emphasis in original).

> Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
>
> (2) The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known [sic] that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a) (alteration supplied). *See also Shiver v. Chertoff,* 549 F.3d 1342, 1344 (11th Cir. 2008) ("Under . . . the Rehabilitation Act, federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act.") (citing, *inter alia*, 29 C.F.R. § 1614.105(a)(1)). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver,* 549 F.3d at 1344 (citing *Brown v. Snow*, 440 F.3d 1259, 1264-65 (11th Cir. 2006)).

The "Letter of Decision – Notice of Removal" defendant sent plaintiff on October 9, 2008 stated that the termination of plaintiff's employment was effective October 13, 2008. There also is evidence that claimant was aware, or should have

been aware, of the 45-day time limit for contacting an EEO counselor, due to the posters posted in his workplace. Despite that knowledge, plaintiff did not contact an EEO counselor until August 21, 2009 — *much* longer than 45 days after October 13, 2008.

In an effort to mitigate his failure to timely contact an EEO counselor, plaintiff disputes that October 13, 2008 was the effective date of his termination. Plaintiff claims that he was confused by the "myriad paperwork" he received as a result of both his termination decision and his worker's compensation claim.[46] When plaintiff received the May 19, 2009 Notification of Personnel Action from the Postal Service, and saw that the "effective date" of the document was May 13, 2009, he allegedly came to the conclusion that May 13, 2009 was the "effective date" of his termination, especially considering that the form listed "removal" as the personnel action being taken. "Accordingly, the plaintiff moved forward with his worker's compensation claim, and his claims for discrimination, under the belief that his date of termination was May 13, 2009, thus further believing that he was acting in a timely manner."[47]

Even assuming the reasonableness of plaintiff's belief that the effective date of his termination was May 13, 2009, *and* that such a belief could effectively toll his

---

[46] *See* doc. no. 21, at 7.
[47] *Id.* at 9.

deadline for contacting an EEO counselor,[48] *and* that plaintiff's initial complaint with the EEO counselor fairly encompassed his claims for disability discrimination, plaintiff still did not timely pursue his administrative remedies. Forty-five days from May 13, 2009 was July 3, 2009, and plaintiff did not contact the EEO counselor until August 21, 2009. Plaintiff has offered no explanation for that delay, and no argument for why he should have been allowed additional time.

## IV. CONCLUSION AND ORDER

Because plaintiff failed to contact an EEO counselor within 45 days of the effective date of his termination, he did not exhaust all of his administrative remedies.[49] Because plaintiff failed to exhaust all of his administrative remedies, he cannot proceed with case in federal court.

---

[48] It is questionable whether any of these assumptions actually would hold up. By the time plaintiff received the Notification of Personnel Action form — which he acknowledges was created on May 19, 2009 — he already was several months overdue to contact an EEO counselor. There is no indication that defendant did anything else to confuse plaintiff about the effective date of his termination *prior to the expiration of his 45-day deadline.* Moreover, the Notification of Personnel Action form also contains a statement that plaintiff's "last day in pay status" was October 20, 2008, which is consistent with the effective date of his termination being October 13, 2008. Finally, when plaintiff initially contacted an EEO counselor to complain of discrimination on August 21, 2009, the Dispute Resolution Specialist who accepted his complaint indicated that the complaint was based upon race and sex discrimination, not disability discrimination.

[49] Defendant also argued that plaintiff failed to exhaust his administrative remedies because he did not submit his formal EEO complaint to the agency within 15 days of being advised of his right to do so, and that plaintiff failed to file a complaint in federal district court within 90 days of receiving notice of the agency's final decision on his administrative complaint. The court need not consider those arguments, however, because summary judgment is due to be granted on the independent grounds discussed herein.

Accordingly, defendant's motion for summary judgment is GRANTED, and all of plaintiff's claims are DISMISSED with prejudice. Costs are taxed to plaintiff. The Clerk is directed to close this file.

DONE this 8th day of July, 2013.

/s/ Lynwood Smith
United States District Judge